PEARSON, MJ

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |  |
|---|---|---|
| NATUAN WILLIAMS, | ) | CASE NO.   1:07CV3681 |
|  | ) |  |
| Petitioner, | ) |  |
|  | ) | JUDGE ECONOMUS |
| v. | ) |  |
|  | ) | MAGISTRATE JUDGE PEARSON |
| STATE OF OHIO, | ) |  |
|  | ) |  |
| Respondent. | ) | **REPORT AND RECOMMENDATION** |

## I.  **Introduction**

Before the Magistrate Judge[1] is the petition of NaTuan Williams ("Williams" or

"Petitioner"), ECF No. 1, currently incarcerated at the Southern Ohio Correctional Facility upon

conviction of three individual felony counts (CR-431166): (1) Aggravated Robbery, with a

firearm specification, (2) Attempted Murder, with a firearm specification, and (3) Receiving

stolen property.[2]  *See* ECF No. 7, Ex. 1.  Williams is seeking a writ of habeas corpus pursuant to

28 U.S.C. § 2254 for his state conviction and sentence.[3]  Williams contends that he is entitled to

the writ because his plea was unlawfully induced and involuntary, the trial court failed to follow

_____

[1]  Pursuant to General Order 2008-17, this case was reassigned to the docket of the undersigned Magistrate Judge.  *See* non-document docket entry dated September 3, 2009.

[2]  *See also* http://www.drc.ohio.gov/ (website of the Ohio Department of Rehabilitation and Correction for current status of and basis for Smith's incarceration).

[3]  Cuyahoga County, Ohio, Court of Common Pleas, Case No. CR-431166.

(1:07CV3681)

state sentencing guidelines, and he was denied effective assistance of counsel. ECF No. 1 at 4-5. The State of Ohio ("Respondent") acknowledges having custody of Williams as a result of his conviction but asserts that Williams' petition should be dismissed as time-barred, or otherwise denied. ECF No. 7 at 1. In his response, Williams plainly states without support, that Respondent's analysis is flawed and that his petition is not time-barred. ECF No. 8 at 2. Additionally, Williams does not address Respondent's alternative arguments that his grounds for relief are either unexhausted, non-cognizable, or procedurally defaulted.

For the reasons that follow, the undersigned Magistrate Judge recommends finding that Williams' petition for a writ of habeas corpus be dismissed as time-barred, or otherwise denied.

## II.  Factual and Procedural History

### A.  Underlying Offenses, Plea, and Sentencing

On November 26, 2002, the Cuyahoga County, Ohio, Grand Jury indicted Williams (CR-431166) on one count each of:

1) Aggravated Robbery, in violation of R.C. 2911.01, with one and three year firearm specifications in violation of R.C. 2941.131 and .145;

2) Intimidation, in violation of R.C. 2921.04, with one and three year firearm specifications  in violation of R.C. 2941.141 and .145;

3) Having a Weapon While Under Disability, in violation of R.C. 2923.13;

4) Aggravated Robbery, in violation of R.C. 2911.01, with one and three year firearm specifications in violation of R.C. 2941.141 and .145;

5) Felonious Assault, in violation of R.C. 2903.11, with one and three year firearm specifications in violation of R.C. 2941.141 and .145;

6) Attempted Murder, in violation of R.C. 2923.02 and 2903.02, with one and three year firearm specifications in violation of R.C. 2941.141 and .145;

-2-

(1:07CV3681)

      7) Possession of Drugs (PCP in an amount equal to or exceeding bulk amount but less than five times bulk amount), in violation of R.C. 2925.11; and,

      8) Receiving Stolen Property, in violation of R.C. 2913.51.

ECF No. 7, Ex. 17; *see also* ECF No. 7 at 5.

      Williams' jury trial was scheduled to start on February 24, 2003.  That morning, however, Williams decided to waive his jury trial, opting for a bench trial instead.  After an early recess and prior to the start of his bench trial, Williams again shifted course, deciding to waive his bench trial, he entered a guilty plea to three of the above listed offenses:

      1) Aggravated Robbery with a firearm specification;

      2) Attempted Murder with a firearm specification; and,

      3) Receiving Stolen Property.

ECF No. 7, Ex. 19.  The trial court sentenced Williams that same day to an aggregate term of eleven and one-half (11½) years imprisonment that included ten (10) years for Case No. CR-431166 consecutive to terms of imprisonment for Case Nos. CR-403707, CR-402485, and CR-420549.[4]  Williams did not file a timely direct appeal from this judgment and conviction.

    **B.  Post-conviction Relief**

      Williams, *pro se*, filed a timely petition for post-conviction relief on August 22, 2003.

---

    [4]  In 2001 and 2002, Williams had pleaded guilty in these three additional cases.  In each case, the trial court imposed a sentence of community control along with the prospect of imprisonment upon violation of those sentences.  Upon imposition of sentence in the case underlying Williams' petition for a writ of habeas corpus (CR-431166), the trial court found that Williams had violated his community control sanctions and, as a result, imposed corresponding terms of imprisonment to run concurrent with each other, but consecutive with the term of imprisonment imposed in the underlying case.

(1:07CV3681)

ECF No. 7, Ex. 21 at 1.  In his petition, Williams asserted two assignments of error:

>   1) The trial court should have sentenced Williams to minimum and concurrent terms under Ohio's sentencing guidelines.
>
>   2) The Aggravated Robbery and Attempted Murder convictions are allied offenses under R.C. 2941.25.

ECF No. 7, Ex. 21.  On January 12, 2005, the trial court denied relief finding that the asserted grounds did not raise any Constitutional claims and that his grounds for relief could have been raised on direct appeal; thus, the petition is barred by the doctrine of *res judicata*.  ECF No. 7, Ex. 23 at 4-5.

On November 21, 2005, the Cuyahoga County Court of Appeals, Eighth Appellate District ("State Court of Appeals") affirmed the decision of the trial court.  The State Court of Appeals restated the finding of the trial court holding that Williams' claims are barred by the doctrine of *res judicata* as they could have been raised on direct appeal.  ECF. No. 7, Ex. 29 at 5.

On December 30, 2005, Williams, again *pro se*, filed a timely notice of appeal from the state appellate court judgment.  ECF No. 7, Ex. 31.  Williams asserted a lone proposition of law:

>   Proposition of Law: The trial court erred when it dismissed the petition for post-conviction relief on grounds that the allegations contained therein were barred by the doctrine of res judicata.

ECF No. 7, Ex. 32 at 7.  On March 29, 2006, the Supreme Court of Ohio declined jurisdiction to hear the case and dismissed the appeal as not involving any substantial constitutional question.

ECF No. 7, Ex. 33.  Williams did not appeal this decision to the United States Supreme Court, the court of last resort.

-4-

(1:07CV3681)

### C.  Delayed Direct Appeal

On July 6, 2006, Williams filed a *pro se* motion for leave to file a delayed direct appeal. ECF. No. 7, Ex. 34.  His motion included several claims: That his trial counsel was ineffective for various reasons, that the trial court erred because it violated Rule 11 of Ohio Criminal Procedure, that the trial court violated due process, and that the trial court improperly accepted his guilty plea.  ECF No. 7, Ex. 35 at 2-3.  The State Court of Appeals summarily denied Williams leave to file his delayed direct appeal on August 3, 2006.  ECF No. 7, Ex. 36.

On October 17, 2006, Williams filed a *pro se* notice of appeal and a motion for leave to file a delayed appeal in the Supreme Court of Ohio.  ECF No. 7, Ex. 38.  The Supreme Court of Ohio denied the motion and dismissed the case on November 29, 2006.  ECF No. 7, Ex. 39. Williams did not further appeal this decision.

### D.  Application to Reopen Post-conviction Appeal Pursuant to Ohio Rule of Appellate Procedure  26(B)

On February 7, 2007, Williams, *pro se*, filed an application pursuant to Ohio Rule of Appellate Procedure 26(B) to reopen his appeal from the decision by the State Court of Appeals, dated November 21, 2005, that affirmed the denial of his petition for post-conviction relief.  ECF No. 7, Ex. 40.  Williams set forth two assignments of error:

> 1.  The trial court sentenced appellant to a term of post-release control in direct violation of the United States and Ohio Constitutions and as such rendered the entire sentence as imposed a nullity.
>
> 2.  The trial court erred to the substantial prejudice of appellant in sentencing him to a term of imprisonment pursuant [sic] an alleged probation violation when he was not found to be a probation violator.

ECF No. 7, Ex. 40 at 3-4.  The State Court of Appeals denied reopening on March 2, 2007.  ECF

-5-

(1:07CV3681)

No. 7, Ex. 42.  The appeals court denied the application to reopen upon reasoning that the

application did not conform with the filing requirements of App.R. 26(B).  An application to

reopen an appeal pursuant to App.R. 26(B) is proper for an appeal from the judgment of

conviction and sentence based on a claim of ineffective assistance of counsel.  In this instance,

Williams attempted to reopen his appeal from the adverse ruling of his post-conviction *pro se*

petition.  Thus, **because no appellate judgment for ineffective assistance of counsel existed**,

Williams' application was improperly before the State appellate court.  Williams did not timely

file an appeal to the Ohio Supreme Court.[5]

### E.  Federal Habeas Petition

Williams filed, *pro se*, the present petition for federal habeas relief on November 17,

2007, asserting four grounds for relief:

> 1.  Convictions obtained by plea of Guilty which was unlawfully induced or not
> voluntarily [sic] with understanding of the nature of the charges and the
> consequences of the plea.
>
> 2.  Denial of effective assistance of counsel.
>
> 3.  Failure to follow sentencing guidelines.
>
> 4.  Effective assistance of counsel.

ECF No. 1 at 5-6.  Respondent contended that the Court should dismiss Williams' petition as

time-barred, or that the petition should be otherwise denied.  ECF No. 7 at 1.  Williams filed a

Traverse wherein he contends, without support, that his petition is not time-barred and

---

[5]  Delayed appeals from App.R. 26(B) judgments are not allowed.  *See* Ohio Sup.Ct. R. II,
Section 2(A)(4)(c).

(1:07CV3681)

Respondent's analysis is incorrect and flawed.  ECF No. 8 at 1-2.  He also asserts arguments and grounds not previously asserted along with restating some of his previous arguments, none of which responded to the arguments raised by Respondent in its Return of Writ.  *Compare* ECF No. 1 *with* ECF No. 8.

### III.  Procedural Gateways to Review

To permit federal judicial resources to focus on only the most compelling cases, a petitioner must successfully pass through several procedural gateways in order to qualify for federal review.  Those gateways and their application to the instant petition are provided below.

### A.  Jurisdiction

Writs of habeas corpus may be granted by a district court within its respective jurisdiction:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(a) and (d).

The Court of Common Pleas in Cuyahoga County, Ohio, which is located within the Northern District of Ohio, convicted Williams.  This federal Court, therefore, has jurisdiction over Williams' petition.

(1:07CV3681)

**B.  Evidentiary Hearing**

The habeas corpus statute authorizes an evidentiary hearing in limited circumstances when the factual basis of a claim has not been adequately developed in state court proceedings. 28 U.S.C. § 2254(e)(2).

There is no need for an evidentiary hearing in the instant case.  Williams' claims involve legal issues which can be independently resolved without additional factual inquiry.

**C.  Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) statute of limitations for filing a petition for a writ of federal habeas corpus is one year.  The year begins to run on the date judgment became final.  28 U.S.C. § 2244(d)(1).

According to the following analysis, the undersigned Magistrate Judge finds that Williams' petition is time-barred and recommends dismissing the petition on that basis.

**D.  Exhaustion of State Remedies**

As a general rule, a state prisoner must exhaust all available state remedies or have no remaining state remedies available before a federal court will review a petition for a writ of habeas corpus.  28 U.S.C. § 2254(b) and (c); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Riggins v. McMackin*, 935 F.2d 790, 793 (6th Cir. 1991).  If any state procedures for relief (*i.e.* remedies) remain available, then the petitioner has not exhausted all of his state remedies.  *Rust v. Zent*, 17 F3d 155, 160 (6th Cir. 1994).  If relief is no longer available in state court, however, exhaustion can be rendered moot: "If no remedy exists, and the substance of a claim has not been presented to the state courts, no exhaustion problem exists; rather, it is a problem of determining

-8-

(1:07CV3681)

whether cause and prejudice exist to excuse the failure to present the claim in the state courts."

*Rust v. Zent*, 17 F.3d 155, 160 (6th Cir.1994); *see also Buell v. Mitchell*, 274 F.3d 347, 349 (6th Cir. 2001).  The exhaustion requirement is properly satisfied when the highest court in the state in which petitioner was convicted has been given a full and fair opportunity to rule on all the petitioner's claims.  *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

For purposes of review in this federal habeas proceeding, Williams' grounds for relief are exhausted.

### E. Non-cognizability

State prisoners are entitled to federal habeas corpus relief only when they are in custody due to violations of the Constitution, laws, or treaties of the United States.  28 U.S.C. § 2254(a). As such, claims for relief based on violations of state law are non-cognizable in a federal habeas proceeding, *i.e.*, a federal court cannot review claims of state law violations presented in a petition for habeas corpus relief.  *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

Rulings by the state's highest court on matters of state law are binding on federal courts. *Wainwritght v. Goode*, 464 U.S. 78, 84 (1983).  Further, a federal court may not second-guess a state court's interpretation of its own procedural rules.  *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988).  Thus, even if a state court errs in applying its own procedural default statute, the error is not cognizable in federal habeas review.  *Simpson v. Jones*, 238 F.3d 399, 406-07 (6th Cir. 2000).

Based on the following analysis, Ground Three of Williams' petition for habeas corpus relief is non-cognizable in federal court.

(1:07CV3681)

**F.   Procedural Default**

Procedural default occurs when a petitioner fails to present his constitutional claims fairly to the highest state court in a federal constitutional context. *Anderson*, 459 U.S. 4; *Picard*, 404 U.S. 270.  Reasons of federalism and comity generally bar federal habeas corpus review of "contentions of federal law . . . not resolved on the merits in the state proceeding due to respondent's failure to raise them there as required by state procedure." *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).  When a petitioner

> has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that the failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v Thompson*, 501 U.S. 722, 750 (1991).

Based on the following analysis, all four of Williams' grounds for relief are procedurally defaulted and therefore, bar the Court's review of his petition.

**IV.   Analysis[6]**

**A.   Williams' Petition is Time-barred**

**1.   Statutory Tolling**

28 U.S.C. § 2244(d) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of-

---

[6] Due to the procedural infirmities further discussed below, the Court does not reach the merits of the underlying petition.

-10-

(1:07CV3681)

(A) the date on which the judgment became final by conclusion of direct review or the expiration of time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

**a.**

Williams pleaded guilty and the trial court sentenced him on February 24, 2003.  The one-year statute of limitations began to run (as explained below) on March 27, 2003.  As applied to Williams, Title 28 U.S.C. § 2244(d)(1)(A) controls the one-year limitations period analysis. Ohio rules permit thirty days to file a direct appeal.  Ohio App. R. Rule 4(a).  In its Return of Writ, Respondent relies on § 2244(d)(1)(A) to render Williams' habeas petition time-barred.  In its well-documented analysis, Respondent calculates that Williams' limitations period began to run the day after the 30-day time period had expired for Williams to timely file a direct appeal, March 27, 2003.  ECF No. 7 at 18.  The undersigned agrees that, because Williams did not file a timely direct appeal of his sentence, the limitations period began on March 27, 2003.

-11-

(1:07CV3681)

Accordingly, the limitations period had run for 149 days until Williams filed his petition for post-conviction relief on August 22, 2003.  The statute of limitations period was tolled by the filing of the post-conviction relief petition, until March 29, 2006, when the Supreme Court of Ohio dismissed the appeal.  Thereupon, the limitations period began to run again on the next day, March 30, 2006.  It ran for 99 days until July 6, 2006, when Williams filed his motion for delayed direct appeal.  At that point, only 117 days of Williams' one-year limitations period remained.

The limitations period was tolled from July 6, 2006 and, after the denial of leave to file his delayed direct appeal, until the 45-day period to appeal that denial to the Supreme Court of Ohio expired on September 19, 2006.  The limitations period began to run again the next day, September 20, 2006, and ran for 29 days until October 17, 2006, when Williams filed a motion for delayed appeal to the  Supreme Court of Ohio.  At that time, Williams had only 88 days of his limitations period remaining.  The  Supreme Court of Ohio denied him leave to appeal on November 29, 2006 whereupon the limitations period began to run the next day, November 30, 2006.

Respondent's analysis calculates that the limitations period was tolled again "*assuming*" that Williams had properly filed his Rule 26(B) application to reopen his post-conviction appeal.  ECF. No. 7 at 19.   With or without adopting Respondent's assumption, the Court finds Williams' petition is still time-barred.[7]

---

[7]  If the Court agreed with Respondents "assumption" that Williams' application to reopen his post-conviction appeal did toll the limitations period, his petition would remain statutorily time-barred.  Assuming *arguendo* that Williams properly filed the application to

(1:07CV3681)

The reopening of an appeal under Ohio Rule of Appellate Procedure 26(B) based upon a claim of ineffective assistance of counsel is a collateral proceeding and not part of the direct appeal process. *Lopez v. Wilson*, 426 F.3d 339, 351-52 (6th Cir. 2005) (en banc); *see also Morgan v. Eads*, 818 N.E.2d 1157, 1162 & syllabus ¶ 26 (Ohio 2004). As such, it tolls the one year statute of limitations under § 2244(d)(2) for as long as the application is pending before the Ohio courts only if the 26(B) pleading is properly filed. *Bronaugh v. Ohio*, 235 F.3d 280, 285 & n.7 (6th Cir. 2000). A post-conviction relief petition (or collateral proceeding) is "properly filed" under the statute if it meets the applicable state rules governing filing. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000); *Walker v. Smith*, 360 F.3d 561, 563 (6th Cir. 2004). Ohio Rule of Appellate Procedure 26(B)(1) provides in pertinent part:

> A defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of counsel.

The Court does not adopt Respondent's assumption, because Williams' application to reopen his post-conviction appeal did not follow Ohio's rules governing Rule 26(B) filings, *i.e.*, he attempted to reopen a post-conviction appeal instead of an appeal from a judgment and conviction, his application was not "properly filed" and thus, did not toll the statute of limitations. *See Artuz*, 531 U.S. at 8; *see also* § 2244(d)(2) (providing for tolling of the limitations period only when an application is "properly filed" and "pending").

Williams' remaining 88 days of the statute of limitations period expired on Sunday,

---

reopen, the limitations period would have re-started on April 17, 2007 and expired on May 7, 2007. Williams' petition filed on November 17, 2007, would still be time-barred for filing it 194 days late.

(1:07CV3681)

February 25, 2007 (which is extended for ending on a weekend to Monday, February 26, 2007).

Williams did not file his petition for a writ of habeas corpus until November 17, 2007 — 264

days after the limitations period ended. As a result, his petition is clearly time-barred.

**b.**

Additionally, Respondent argues that Williams should not benefit from some later

limitations starting period pursuant to 28 U.S.C. § 2244(d)(1)(D). Section 2244(d)(1)(D)

provides a habeas petitioner a later start date for the limitations period if the petitioner was

unable, through the exercise of due diligence, to discover the factual predicate of his claim.

Williams asserts no arguments regarding his statutory limitations period. Consequently, since all

of Williams' grounds for relief presented in his petition refer to errors made by the trial court or

trial counsel, the Court can only conclude — interpreting the grounds for relief in the most liberal

light in favor of Williams — that Williams knew the factual predicate of his claims at the time of

his conviction and sentencing[8] because he does not claim to have discovered any new evidence or

facts concerning his claims after his conviction. Accordingly, the Court recommends finding that

Williams should not benefit from a later statute of limitations starting period.

**2. Equitable Tolling**

Williams has not raised the argument that he is entitled to equitable tolling. Assuming

that he had raised this issue, it fails for the following reasons.

"[T]he doctrine of equitable tolling allows federal courts to toll a statute of limitations

---

[8] Williams' Memorandum In Support of his Request to file a Delayed Appeal reveals that he was aware of his right to appeal upon his arrival at the prison's reception center. *See* ECF No. 7, Ex. 35 at 1 ¶ 4.

-14-

(1:07CV3681)

when 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Keenan v. Bagley*, 400 F.3d 417, 421 (6th Cir. 2005) (*quoting Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F3d. 552, 560-61 (6th Cir. 2000)). Given that Williams has not raised this doctrine to defend his untimely habeas petition, equitable tolling should be deemed waived. *See Scott v. Collins*, 286 F.3d 923, 927 (6th Cir. 2002). Williams bears the burden of establishing entitlement. *See Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002); *McClendon v. Sherman*, 329 F.3d 490, 492 (6th Cir. 2003); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005).

**a.**

In his petition and Traverse, Williams relates no reasons for his untimely petition. Moreover, his *pro se* motion for delayed direct appeal relates that he was "thrust to the mercy" of jailhouse lawyers; that his post-conviction applications prove he was at the "mercy" of jailhouse lawyers; that he had no counsel, that there was an eighteen month waiting list for a public defender; that he tried to contact his trial counsel for twenty-two months, and that he was a layman who is unskilled at the law. ECF No. 7, Ex. 35 at 7-8. He stated in his motion for delayed direct appeal that these were the reasons why he waited almost three and one-half years to file his delayed direct appeal.

Williams' statements fail to establish at least three of the five factors for equitable tolling set forth in *Dunlap v. U.S.*, 250 F.3d 1001, 1008 (6th Cir. 2001). The Sixth Circuit in *Dunlap* set forth the following factors to consider and balance in determining if equitable tolling is appropriate: (1) "the petitioner's lack of notice of the filing requirement;" (2) "the petitioner's

-15-

(1:07CV3681)

lack of constructive knowledge of the filing requirement;" (3) "diligence in pursuing one's

rights;" (4) "absence of prejudice to the respondent;" and (5) "the petitioner's reasonableness in

remaining ignorant of the legal requirement for filing his claim." *Id.* at 1008-09.  Williams has

not shown that he was unaware of the § 2244(d) limitations period, that his ignorance of the legal

requirement to file his claim was reasonable, or that he was diligent in pursuing his claims by

allowing three and one-half years to lapse before he moved for a delayed direct appeal in state

court.  *See Dixon v. Ohio*, 81 Fed. Appx. 851, 853 (6th Cir. 2003) (petitioner's lack of counsel

and one month placement in solitary confinement did not excuse lack of diligence in pursuing his

claims); *Cobas v. Burgess*, 306 F.3d. 441, 444 (6th Cir. 2002) (inmate's lack of legal training,

poor education and even illiteracy does not provide reason to toll the statute of limitations).

Accordingly, Williams' *pro se* status due to lack of legal assistance does not excuse his untimely

petition.

**b.**

A credible claim of actual innocence may equitably toll the § 2244(d) limitation period.

*Souter v. Jones*, 395 F.3d 577 (6th Cir. 2005).  Nonetheless, none of Williams' grounds for relief

demonstrate actual innocence.  "[A]ctual innocence means factual innocence, not mere legal

insufficiency." *Bousley v. U.S.*, 523 U.S. 614, 623 (1998).  "To be credible, such a claim

requires petitioner to support his allegations of constitutional error with new reliable

evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or

critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324

(1995).  Williams does not present any "new" reliable evidence of innocence that had not been

(1:07CV3681)

presented at trial, if any existed. Instead, he merely rehashes and references his statements from the sentencing transcript wherein, after pleading guilty, he attempted to claim his innocence. This assertion does not nullify the facts which supported his guilty plea and conviction. Thus, none of Williams' arguments have met the standard set forth in *Souter/Schlup* to prove actual innocence.

### B. Alternatively, Ground Three is Non-cognizable

A federal court reviewing a petition for habeas corpus is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. *See Estelle v. McGuire*, 502 U.S. 62, 68 (1991). "A federal court may not issue the writ [of habeas corpus] on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984). However, if the error is so egregious as to amount to a denial of fundamental fairness or of other federal rights, the federal court may grant the habeas petition. *See id.*

A perceived error of state law is characterized by the petitioner's reliance on state statutory or case law to assert his claim. *See Estelle v. McGuire*, 502 U.S. at 68. In his petition, Williams' relies solely upon the trial court's application of Ohio Revised Code § 2929.14 to support Ground Three, ECF No. 1 at 9-11. Ground Three is therefore, non-cognizable in a federal habeas proceeding, *i.e.*, the Court cannot review Ground Three of Williams' petition for habeas corpus relief.

### C. Alternatively, All of Williams' Grounds for Relief are Procedurally Defaulted

#### 1. Grounds One, Two, and Four: Williams did not Timely Appeal to the Ohio Supreme Court

Although Williams did not timely appeal his delayed direct appeal denial to the Supreme

-17-

(1:07CV3681)

Court of Ohio, he filed a Motion for Leave to File a Delayed Appeal to the Supreme Court of

Ohio.  The Supreme Court of Ohio denied Williams' motion for leave to file a delayed appeal.

The denial of a delayed appeal creates a procedural bar to federal habeas corpus review.[9]  *See*

*Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004) (holding the Ohio Supreme Court's denial

of an appellant's motion for leave to file a delayed appeal constitutes a procedural ruling

sufficient to bar federal court review of the claims).  As such, the Sixth Circuit has held that

failure of a petitioner to meet the statutory time requirement for filing a direct appeal provides an

adequate and independent ground on which the state may foreclose review of a federal

constitutional claim.  *See Deitz v. Money*, 391 F.3d 804, 809 (6th Cir. 2004) ("[Petitioner's]

failure to file a timely appeal presumptively constitutes an adequate and independent ground for

barring federal review . . . .").  Therefore, Williams' Grounds One, Two, and Four are

procedurally defaulted and, thereby, barred from federal review because the Supreme Court of

Ohio did not review the merits of these claims.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 847

(1999) (noting that a procedural bar occurs when a petitioner fails to raise a claim in state court

and pursue that claim through the state's "ordinary appellate review procedures"); *see also State

v. Broom*, 40 Ohio St.3d 277, 288-89, 533 N.E.2d 682 (1988) (noting that in Ohio, the failure to

present a claim to either the State Court of Appeals or to the Supreme Court of Ohio constitutes a

---

[9]  The Rules of Practice of the Ohio Supreme Court state that a motion for delayed appeal shall state the date of entry of the judgment being appealed and adequate reasons for the delay.  If the court grants the motion, the appellant shall then file a memorandum in support of jurisdiction. *See* Ohio S. Ct. R. II, Sec. 2(A)(4)(a) and (c).  Therefore, the Ohio Supreme Court reviews a motion for delayed appeal only to determine whether it will allow the appellant to assert propositions of law.

(1:07CV3681)

waiver of the claim).

## 2.   <u>Ground Three is Procedurally Defaulted Because of *Res Judicata*</u>

Under Ohio law, all claims that were known or should have been known by the defendant at the time of trial or direct appeal must be raised on direct appeal from the judgment of conviction.  Thus, post-conviction consideration of any issue that could have been fully litigated before judgment of conviction or on direct appeal but was not, is barred from review.  *See State v. Perry*, 10 Ohio St.2d 175, syllabus ¶ 7 (1967); *State v. Combs*, 100 Ohio App.3d 90, 97-98 (1994).  The *Perry* Court stated:

> Under the doctrine of *res judicata*, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.

*Perry,* at syllabus ¶ 9.

This doctrine of *res judicata* applies to constitutional claims that could have been raised in a direct appeal, as well as to constitutional claims that could have been raised in any post-conviction proceeding.  *Norris v. Schotten*, 146 F.3d 314, 332 (6th Cir. 1998) (*citing State v. Combs*, 652 N.E.2d 205, 209 (Ohio Ct. App. 1994)) (holding that *res judicata* precludes post-conviction relief to address constitutional claims that could have been raised on direct appeal from the conviction and sentence).  In such a situation, a petitioner is considered to have waived the claim for federal habeas purposes "unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error."  *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).  The Sixth Circuit has explicitly recognized *res judicata* as an adequate

(1:07CV3681)

and independent basis for procedural default.  *Norris*, 146 F.3d at 332; *Rust*, 17 F.3d at 161.

Here, Williams failed to directly appeal his judgment and conviction prior to his petition

for post-conviction relief.  Thus, the state court properly applied the doctrine of *res judicata* in

dismissing his post-conviction petition because the claims Williams asserted could have been

raised in a direct appeal.  Moreover, Williams' only probable argument for cause is that he did

not know he had the right to appeal his conviction.[10]  This is simply not the case.  As mentioned

above, Williams knew of his right to appeal — at the latest point in time — upon arrival at the

prison's reception center.  *See* ECF No. 7, Ex. 35 at 1 ¶ 4.

Accordingly, Ground Three is procedurally defaulted pursuant to the application of the

doctrine of *res judicata*.

### 3.  Ground Three is Procedurally Defaulted Because Williams Failed Properly to Exhaust his Claims

In order to properly exhaust available state remedies, a petitioner must first fairly present

the substance of his federal habeas corpus claims in a constitutional context to the state courts.

*See Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Picard v. Connor*, 404 U.S. 270, 275 (1971).

"The state courts must be provided with a 'fair opportunity' to apply controlling legal principles

to the facts bearing upon petitioner's constitutional claims."  *Sampson v. Love*, 782 F.2d 53, 55

(6th Cir. 1986).  To determine whether a claim has been "fairly presented," a court examines

whether the petitioner: "(1) reli[ed] upon federal cases employing constitutional analysis; (2)

---

[10]  The Court restates that Williams did not raise any arguments addressing the issue of cause or prejudice in his Traverse to rebut Respondent's claim that Ground Three is procedurally defaulted.

(1:07CV3681)

reli[ed] upon state cases employing federal constitutional analysis; (3) phras[ed] the claim in

terms of constitutional law or in terms sufficiently particular to allege a denial of a specific

constitutional right; or (4) alleg[ed] facts well within the mainstream of constitutional law."

*McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir.2000) (*citing Franklin v. Rose*, 811 F.2d 322,

326 (6th Cir.1987)).   In *Baldwin v. Reese*, 541 U.S. 27, 32 (2004), the Supreme Court explained:

> A litigant wishing to raise a federal issue can easily indicate the federal law
> basis for his claim in a state-court petition or brief, for example, by citing in
> conjunction with the claim the federal source of law on which he relies or a
> case deciding such a claim on federal grounds, or by simply labeling the
> claim "federal."

However, "[g]eneral allegations of the denial of rights to a 'fair trial' and 'due process' do not

'fairly present' claims that specific constitutional rights were violated." *McMeans*, 228 F.3d at

681.

In the instant case, Respondent confuses exhaustion (claims that are unexhausted) with

procedural default (a failure properly to exhaust claims).  The only question a habeas court must

ask when determining whether the petitioner has exhausted his claims is whether the petitioner

has any state remedies remaining for his claims.  If so, those claims are unexhausted.  Whereas, a

failure properly to exhaust state remedies is a procedural default.  Despite using the incorrect,

albeit conflating terminology, Respondent correctly asserted that Williams had failed properly to

raise those claims in the Ohio courts, which is the gravamen of procedural default.  Because

Respondent raised the defense of procedural default against all of Williams' grounds for relief,

this Court may consider its application to Ground Three for failing to properly exhaust his state

remedies.

(1:07CV3681)

Williams did not fairly present to the state court the claim asserted in Ground Three.  In his petition for post-conviction relief, Williams asserted that he suffered an "infringement" and "denial" of his rights under the United States Constitution.  ECF No. 7, Ex. 21 at 1.  Williams framed this "infringement" and "denial," however, squarely in terms of "local rules of law" and "ohio [sic] revised code" violations.  ECF No. 7, Ex. 21 at 3.  Apart from the fleeting mention of the United States Constitution, nowhere within his post-conviction petition did Williams employ any federal cases, constitutional analysis, or the denial of a specific constitutional right.

As such, Williams did not fairly present Ground Three in a constitutional context properly to the State court in his post-conviction petition and accordingly, this ground is procedurally defaulted

### VI.  Conclusion and Recommendation

Based upon the above analysis, the undersigned Magistrate Judge finds Williams' petition for habeas corpus relief statutorily time-barred pursuant to 28 U.S.C. § 2244(d).  Alternatively, Williams' grounds for relief are either non-cognizable or procedurally defaulted.

Accordingly, the undersigned recommends that the petition of NaTuan Williams for a writ of habeas corpus be dismissed in its entirety with prejudice as statutorily time-barred pursuant to 28 U.S.C. § 2244(d), or otherwise denied.


  September 2, 2009                             s/ Benita Y. Pearson
Dated                                  United States Magistrate Judge

(1:07CV3681)

## **Objections**

Objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).